**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BASF CORPORATION, et al.,**  Plaintiffs,  v.  **THE ESTATE OF DONALD W. JONES, SR., et al.,**  Defendants. | Civ. No. 2:06-cv-02192 (WJM)  **OPINION AND ORDER** |

      **THIS MATTER** comes before the Court on Defendants' motion, by way of an order to show cause, seeking to enjoin Plaintiffs from enforcing a settlement agreement (hereinafter, "the Agreement") in state court. Defendants also request that this Court hold a "fairness hearing" regarding the terms of the Agreement and the voluntariness of Defendants' decision to enter into the Agreement. For the reasons set forth below, the Court will **DENY** Defendants' motion.

## I. BACKGROUND

      In 2006, Plaintiffs commenced an action in this Court against Defendants, seeking, *inter alia*, costs they incurred and would continue to incur in connection with remediating a landfill site. In 2009, the parties entered into the Agreement, which provided that Plaintiffs would dismiss the suit in exchange for Defendants transferring the landfill site to Plaintiffs. The parties then entered into a Stipulation and Consent Order for Dismissal that this Court entered as so ordered on September 16, 2009 (hereinafter, "the 9/16/09 Stipulation and Order" or "the Order"). The 9/16/09 Stipulation and Order stated that Plaintiffs had 104 days to decide whether or not proceed with the Agreement; if Plaintiffs elected to proceed with the Agreement, the action would be dismissed with prejudice. The 9/16/09 Stipulation and Order also stated that the Court would retain jurisdiction over the matter until the expiration of the 104 day period. Plaintiffs elected to proceed with the Agreement and, pursuant to the Order, the matter was closed.

      In September 2014, Plaintiffs filed a motion, by way of order to show cause, to enforce the Agreement and hold Defendants in contempt for failing to comply with its terms. On September 23, 2014, this Court denied Plaintiffs' motion on the grounds that the Court lacked jurisdiction to enforce the Agreement. Specifically, the Court held that the 9/16/09 Stipulation and Order – which resulted in dismissal of the case – did not provide that the

Court would retain jurisdiction to enforce the Agreement. Instead, the Order provided that the Court would retain jurisdiction over the matter for 104 days after the Order's entry. Those 104 days having long expired, the Court held that it no longer possessed jurisdiction over the matter.

Soon thereafter, Plaintiff filed an action in the Superior Court of New Jersey seeking to enforce the Agreement. Dissatisfied with the terms of a settlement agreement it entered into seven-and-a-half years ago, Defendants argued to the state court that the Agreement was unenforceable for a multitude of reasons. Defendants claim that the state court judge instructed them to present their grievances regarding the Agreement to this Court. Subsequently, Defendants filed the instant motion, which asks this Court to enjoin Plaintiffs from enforcing the Agreement. Defendants contend that the Agreement is unenforceable because, *inter alia*, this Court did not appropriately analyze the fairness of settlement, Plaintiffs fraudulently induced Defendants to enter into the Agreement, Plaintiffs have not complied with the Agreement's terms, and Defendants were coerced into signing the Agreement. Defendants also contend that they are entitled to a "plenary hearing as to the voluntariness of the settlement…."

## II. DISCUSSION

The Court will not reach the merits of Defendants' arguments because it lacks jurisdiction to do so. The jurisdiction of federal district courts is limited and created solely by Congress. *See, e.g., U.S. v. Jannotti*, 673 F.2d 578, 624 (3d Cir. 1982). The Supreme Court has firmly held that where the parties to a dispute stipulate to its dismissal – as is the case here – there is no basis for "jurisdiction of the court over disputes arising out of an agreement that produces the stipulation." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). One exception to this rule is when the order dismissing the case provides that the Court will retain jurisdiction over disputes arising out of the settlement agreement that resulted in dismissal. *Id.* at 381. As explained in its September 23, 2014 decision denying Plaintiffs' motion to enforce the Agreement, the 9/16/09 Stipulation and Order did not provide that the Court would retain jurisdiction to enforce the Agreement; instead, it explicitly stated that the Court would retain jurisdiction for 104 days after the Order was filed. That period expired over seven years ago. Therefore, the Court did not have jurisdiction to enforce the Agreement in September 2014, and it does not possess jurisdiction to enjoin enforcement of the Agreement now. Stated plainly, the Court no longer has jurisdiction over this matter.

For the foregoing reasons and for good cause shown;

**IT IS** on this 9th day of February 2015, hereby,

**ORDERED** that Defendants' Motion is **DENIED**.

                                              /s/ William J. Martini
                                  **WILLIAM J. MARTINI, U.S.D.J.**